NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

### HARRY D. BOICE, PETITIONER, v. BOARD OF EDUCATION OF MATAWAN, NEW JERSEY, RESPONDENT.

**Distinction Between Employe and Independent Contractor—Relationship of Master and Servant Not Determined by Manner of Payment, But by Control Exercised by Master.**

For the petitioner, *Stokes & McDermott.*

For the respondent, *Collins & Corbin.*

In this cause, coming on to be heard under the Workmen's Compensation act, the question to be determined is as to whether the petitioner was an employe or an independent contractor at the time he was injured. Under the statute an employe is one "who performs service for another for a financial consideration exclusive of casual employments, which shall be defined, if in connection with the business of the employer, as employment, the occasion for which arises by chance, or is purely accidental." The courts, however, have gone further than this by ruling that one is not an employe, but an independent contractor, "where an agreement provides for a result to be accomplished, but leaves to the person employed the choice of means and methods by which it shall be accomplished." The court further held that the relation is "not that of master and servant." *Otmer* v. *Perry,* 108 *Atl. Rep.* 369. The case above cited also quotes the following: "The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done." 26 *Cyc.* 966, and cases cited.

That the petitioner was not a casual employe will be clear from a reading of the definition above quoted. The work

was not the result of an emergency arising by chance, but an operation foreseen and regularly provided for.

The facts in this case, as I determine them by hearings held in Asbury Park, Freehold and Matawan, are substantially as follows:

On or about August 25th, 1923, Mr. Smith, the president of the Matawan board of education, directed Albert A. Boyce, the school janitor (not Harry D. Boice, the petitioner), to have the toilets at the school properly prepared for the ensuing year. The janitor had never performed this work, but had, in previous years, secured a Mr. Joseph M. Wenzel to clean the toilets. On this occasion Mr. Wenzel was busy, and Boyce went to Boice, the petitioner, who owns a team, who finally agreed to perform the work with the janitor. The petitioner claims that he always received one dollar per hour when doing work for the board. This included the use of the team. He testified that he was to receive this sum on this occasion, but did not make clear to me any definite arrangement as to how he was to be paid. His testimony in this respect was vague and uncertain.

Mr. Boyce, the janitor, recited a very definite arrangement, covering the engagement. He and the petitioner were to do the work together, and the board would pay them $25, out of which barrels were to be purchased at a cost of $3, leaving $22 to be divided equally between the two men. This service was not required of Mr. Boyce as an element of his contract as janitor, but an operation in which he stood on the same basis as the petitioner. I am unable to find, therefore, that he was an agent of the board overseeing the performance of the work, but conclude that these two men were working under a partnership arrangement, to share equally the profits, and that they were independent contractors, inasmuch as the school board did not retain the right to direct the manner of doing the work, but were interested only in its accomplishment.

Assuming, in order to complete the analysis of this case, that the petitioner's statement is correct, that he was to receive one dollar per hour for his team and work, I am unable

to see that a different conclusion could be reached, as the Otmer case, above cited, involved a situation in which the petitioner was being paid at the rate of one dollar an hour, and the Supreme Court held him to have been an independent contractor, even though the respondent terminated the agreement and again resumed it during the progress of the operation. The relation of master and servant is not determined by the manner of payment, but by the control exercised with regard to the manner of doing the work.

In the light of the foregoing, this cause must be and it is hereby dismissed.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*